IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

RICHARD JAMES JOHNSON　　　　　§

VS.　　　　　　　　　　　　　　　　§　　　　　CIVIL ACTION NO. 9:18-CV-162

ANGELINA COUNTY D.A. OFFICE, *et al.*,　§

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Richard James Johnson, an inmate confined at the Allred Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Angelina County D.A. Office, Angelina County D.A., Court of Criminal Appeals, Texas Bar Association, and the Angelina County Defense Attorney Winfred III.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this action be dismissed as frivolous and for failure to state a claim.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff objects that the Magistrate Judge did not consider all his claims. A review of the complaint, however, reveals that although plaintiff lists several defendants, his only complaint was as follows: "[t]he defendants are denying myself and two other offenders access at our trial transcript records, and information that is of a liberty interest." Original Complaint, pg. 4 (docket entry no. 1). Under the brief description section for each defendant, plaintiff merely alleges "due process

violation, liberty interest" or just "liberty interest." Based on the foregoing, the Magistrate Judge did not err in construing plaintiff's claims.

In his Objections, plaintiff adds the following claims:

1.    Defendant Texas Bar Association:

   They hold information about their member John Ross Kaye, that would help the petitioner show and prove that his trial counsel at the time John Ross Kaye, had Alzhtimers [sic] during trial and was ineffective because of a mental defect rendering petitioner's trial constitutionally infirm.

2.    Defendant Winfred Simons III:

   This defendant possess [sic] information, facts and proof that an all white jury was illegally empanaled [sic]. By banning and taking blacks off the jury only because they were black rendering conviction constitutionally infirm.

3.    Defendant Alberto Charanza-Angelina County D.A.:

   This defendant holds information that would prove that the waivor [sic] of jury trial in a burglary conviction was forged rendering conviction constitutionally infirm.

4.    Defendant Court of Criminal Appeals:

   This defendant holds information that would show whether under state law and Court of Criminal Appeals rules if (1) ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding. (2) Whether ineffective assistance of an initial-review collateral proceeding on an ineffective assistance-at-trial claim may provide cause for a procedural default in a court of criminal appeals habeas proceeding. (3) Whether it's ubiquitous "Denied Without Written Order" gave petitioner a constitutionally sound due process review during petitioner's claims. (4) This defendant holds fact that will allow petitioner to bring forth claims of contrary to law rulings.

Objections, pgs. 1-2 (docket entry no.14). Plaintiff then states these allegations will allow him to gather facts to seek permission from the Fifth Circuit Court of Appeals to file a successive habeas petition. Plaintiff argues this § 1983 civil rights action is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1993) as the testimony and records he seeks will not automatically "spell speedier release." *Id*.

To the extent plaintiff is still seeking a free copy of his trial transcript, plaintiff has yet to demonstrate he cannot pay for the trial transcript. In fact, in his Objections, plaintiff states Angelina

County refused to "sale" [sic] them to him. Regardless, plaintiff has not demonstrated a need for the trial transcript in proving his claims. Plaintiff does not need the trial transcript to seek permission from the Fifth Circuit Court of Appeals to file a successive habeas petition. Furthermore, and contrary to plaintiff's belief, his claims as outlined above are barred by *Heck*. Any § "1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v Humphrey*, 512 U.S. at 2372)). Success in this action would necessarily demonstrate the invalidity of plaintiff's confinement. *Wilkinson v. Dotson*, 544 U.S. 74 (2005). As plaintiff's § 1983 claims are barred in this suit, plaintiff has not demonstrated a need for the trial transcript in prosecuting this action.

<u>ORDER</u>

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**So Ordered and Signed**
**Aug 25, 2019**

_____
Ron Clark, Senior District Judge